UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**VERNON J. TATUM, JR.**                                    **CIVIL ACTION**

**VERSUS**                                                   **No. 11-506**

**UNITED STATES OF AMERICA**                                 **SECTION "I"**

### ORDER AND REASONS

Before the Court is the United States' ("the government") motion to dismiss[1] plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff, Vernon J. Tatum, Jr. ("Tatum"), opposes[2] the government's motion. For the following reasons, the government's motion to dismiss is **GRANTED**.

### *BACKGROUND*

In his complaint filed in the above-captioned matter, Tatum alleged that the Small Business Administration ("SBA") and its employees intentionally altered billing dates and loan notice dates for Tatum's two SBA loans in an attempt to generate additional interest payments.[3] Tatum requests that the Court grant him general damages and costs for this "intentional and/or negligent tort behavior."[4]

The government raises three principal issues in its motion to dismiss: (1) this Court lacks subject matter jurisdiction because Tatum failed to exhaust his administrative remedies prior to

---

[1] R. Doc. No. 8-2.
[2] R. Doc. No. 11.
[3] R. Doc. No. 1, ¶¶ 3-5.
[4] R. Doc. No. 1, ¶ 6.

filing his lawsuit; (2) this Court lacks subject matter jurisdiction because the negligent acts that Tatum alleges in his complaint fall outside of the Federal Tort Claims Act ("FTCA"); and (3) Tatum fails to assert a claim upon which relief can be granted.[5]

## *LAW*

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir.2001). The party asserting jurisdiction carries the burden of proof. *Id.* The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

"A factual attack on the subject matter jurisdiction of the court, however, challenges the facts on which jurisdiction depends and matters outside of the pleadings, such as affidavits and testimony, are considered." *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981). If the defendant makes such a factual attack, the plaintiff "is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

"When a rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the

---

[5] R. Doc. No. 8. As the Court finds that it lacks subject matter jurisdiction due to Tatum's failure to exhaust his administrative remedies, the Court declines to rule on the government's second and third arguments.

merits." *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

## *DISCUSSION*

The government argues that this Court lacks subject matter jurisdiction because Tatum failed to exhaust his administrative remedies prior to filing the instant lawsuit.  As sovereign, the United States is immune from lawsuits filed against it unless it waives immunity or consents to be sued.  *United States v. Testan*, 424 U.S. 392, 399 (1976).  If sovereign immunity is waived, the scope of the waiver defines the courts' subject matter jurisdiction to hear a cause of action. *Id*.  The Federal Tort Claims Act ("FTCA," 28 U.S.C. §§ 1346(b), 2671-2680) is a limited waiver of the United States's immunity from tort lawsuits.  *United States v. Orleans*, 425 U.S. 807, 813 (1976).  The FTCA permits recovery in tort against the United States for damages which arise "for money damages, . . . for injury, or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of any government employee acting within the scope of his employment.  28 U.S.C. § 1346(b).

The FTCA bars suits against the United States unless a plaintiff first files an administrative claim with the appropriate federal agency within two years after the claim accrues.  28 U.S.C. §§ 2401(b), 2675(a); *Ramming*, 281 F.3d at 162.  A tort action "shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing," or unless the agency fails "to make final disposition of a claim within six months after it is filed."  28 U.S.C. § 2675(a).  A plaintiff must comply with this exhaustion requirement before filing a complaint pursuant to the FTCA in federal court.  *McNeil v. United States*, 508 U.S. 106, 112 (1993).  "The subject matter jurisdiction of the court is conditioned on

compliance with 28 U.S.C. § 2675(a)," consequently failure to comply with the exhaustion requirement is a jurisdictional bar to suit pursuant to the FTCA. *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) ("This requirement is jurisdictional, and may not be waived.").

The government argues that Tatum did not comply with the exhaustion requirement. It submits the Declaration of Alan J. Wells, District Counsel for the SBA for the Louisiana District Office in New Orleans, Louisiana.[6] Wells declares that a search of SBA records shows that Tatum has never filed a claim with the SBA in the Louisiana District.[7] Wells also declares that he contacted the SBA Disaster Servicing Office in El Paso, Texas, and that Tatum also did not file a claim with that office.[8]

Tatum responds in his opposition that he did comply with the exhaustion requirement because he submitted his grievances in writing to Peter L. McClintock ("McClintock"), Deputy Inspector General of the U.S. Small Business Administration in Washington, D.C.[9] Tatum has submitted this correspondence as Exhibits A and B of his opposition.[10]

28 C.F.R. § 14.2 provides that for the purpose of the exhaustion requirement pursuant to 28 U.S.C. § 2675, "a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury or death." Consequently, Tatum's correspondence to McClintock may serve to satisfy the exhaustion requirement if his claim is in writing and states a "sum certain" for his injuries.

---

[6] R. Doc. No. 8-3.
[7] R. Doc. No. 8-3, p. 2.
[8] R. Doc. No. 8-3, p. 2.
[9] R. Doc. No. 11, p. 1.
[10] R. Doc. No. 11-1, pp. 1-2.

     The Fifth Circuit has stated that a plaintiff must "place[] a value on his or her claim." *Williams v. United States*, 693 F.2d 555, 557 (1982).  Although the Fifth Circuit has been liberal in construing what constitutes a sufficient statement of a claim's value, a plaintiff must make some type of claim for damages.  *See Martinez v. United States*, 728 F.2d 694, 697 (holding that the "presentation of an administration claim '*in excess of* $100,000' is a reasonable compliance with the 'sum certain' requirement of 28 C.F.R. § 14.2.") (emphasis in original).  Tatum does not request any damages in his letters to McClintock, and as such makes no statement that can be even generously construed as a sum certain.  Consequently, Tatum has not satisfied 28 C.F.R. § 14.2 and he has not exhausted his administrative remedies prior to filing his complaint.  As failure to comply with the exhaustion requirement precludes subject matter jurisdiction, *Price*, *supra*, Tatum's claims must be **DISMISSED**.

     Accordingly, the government's motion to dismiss Tatum's claims is **GRANTED**.  Tatum's claims are **DISMISSED WITHOUT PREJUDICE**.

     New Orleans, Louisiana, July  25th, 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

5